## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARTIN RUSSELL,

    Plaintiff,

v.                                        No. 21-484

GUADALUPE CERVANTES,
THE PANDA LLC, and
NATIONAL INDEMNITY COMPANY,

    Defendants.

### NOTICE OF REMOVAL

Defendant National Indemnity Company ("National"), hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the above-captioned action, formerly pending in the District Court for the Eighth Judicial District, County of Colfax, State of New Mexico, as No. D-809-CV-2021-00040. National files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. National bases this removal on the following grounds:

**I.  THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On March 20, 2021, Plaintiff Martin Russell filed his "Complaint for Personal Injury" in New Mexico State Court, naming Guadalupe Cervantes, The Panda LLC and National as defendants. A copy of the Complaint and documents served on National is attached to this Notice as Exhibit 1.

On April 27, 2021, the Superintendent of Insurance accepted service on behalf of National. *See* Exhibit 2, attached hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service on National. No responsive pleadings to the Complaint have been filed in the state court action.

Upon information and belief, Defendants Guadalupe Cervantes and The Panda LLC have not been properly served, and thus their consent is not required. Nevertheless, counsel for these Defendants has been contacted, and both of these Defendants consent to this removal.

National files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the Eighth Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II.  BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.  The Citizenship of the Parties is Completely Diverse.

According to the allegations of the Complaint, Plaintiff is a resident of Raton, Colfax County, New Mexico and is therefore a citizen of New Mexico.  Complaint, ¶ 1.

Defendant Guadalupe Cervantes is a resident of Enoch, Utah and a citizen of the State of Utah.  Complaint, ¶ 2.

Defendant The Pandas LLC is a Colorado single member limited liability company with its principal place of business in Colorado.  *See* Complaint, ¶ 3

Defendant National Indemnity Company is a Nebraska corporation with its principal place of business in Omaha, Nebraska.  Complaint, ¶ 4.

Therefore, because Plaintiff is a citizen of New Mexico and none of the Defendants are citizens of New Mexico, the controversy between Plaintiff and Defendants is between citizens of different states, and there is complete diversity in this matter.

### B.  The Amount in Controversy Exceeds $75,000.

The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.  The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint."  *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th

Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal*." Id*

In this Circuit, a removing defendant must prove by a preponderance of the evidence the facts establishing that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co*., 529 F.3d 947, 954 (10th Cir. 2008). Once a defendant has shown the facts establishing the amount in controversy, a case may be remanded "only if it is 'legally certain' that the recovery (from the plaintiff's perspective) . . . will be less than the jurisdictional floor." Id. at 955 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

Plaintiff was involved an automobile accident when his vehicle was struck by a semi-truck driven by Defendant Cervantes. Plaintiff claims that he suffered bodily injuries and his Complaint alleges Negligence and Negligence Per Se against the semi-truck driver and the company who allegedly employed the driver. He has also joined Defendant National who issued a business automobile policy to Defendant The Panda LLC. In the Complaint, Plaintiff claims that the driver of the semi-truck was traveling too fast when he caused the accident and that Plaintiff suffered "personal injury, pain and suffering, and permanent injury, loss of enjoyment of activities, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future." *See* Complaint at Damages Clause at page 7. Plaintiff claims he is entitled to compensatory damages, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest and other nonspecified relief. *Id.* Prior to the filing of the litigation in a letter dated September 10, 2020, Plaintiff demanded policy limits. The policy limits under the business policy total $1,000,000. Therefore, based on Plaintiff's allegations, and without in any manner passing on the merits of Plaintiffs' claims, the Court can reasonably conclude that the amount in controversy, exclusive of interest and costs, exceeds $75,000 and is consequently satisfied for "original jurisdiction" under 28 U.S.C. § 1332(a).

WHEREFORE, Defendant National Indemnity Company requests that this Court assume full jurisdiction over this case as provided by law.

          MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By:   _____

     Jennifer A. Noya (jnoya@modrall.com)
     Post Office Box 2168
     500 Fourth Street NW, Suite 1000
     Albuquerque, New Mexico 87103-2168
     Telephone: 505.848.1800
     *Attorneys for Defendant National*

WE HEREBY CERTIFY that on this 27th day of May, we filed the forgoing electronically through the court's electronic filing system, which caused the following parties or counsel to be served by electronic mail:

    Michael G. Duran
    Daniel T. Cornish
    Samantha L. Drum
    KELLER & KELLER, LLC
    505 Marquette Ave., NW
    Suite 1300
    Albuquerque, NM 87102
    505.938.2300
    michaeld@2keller.com
    dornish@2keller.com
    sdrum@2keller.com

*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By:   */s/ Jennifer A. Noya*
      Jennifer A. Noya

W4075547.DOCX