**EXHIBIT 1**

FILED
8TH JUDICIAL DISTRICT COURT
COLFAX COUNTY NM
FILED IN MY OFFICE
3/20/2021 2:38 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK
Evanna Maldonado

STATE OF NEW MEXICO
COUNTY OF COLFAX
EIGHTH JUDICIAL DISTRICT COURT

MARTIN RUSSELL,

     Plaintiff,

v.                        CASE NO:__D-809-CV-2021-00040_____

GUADALUPE CERVANTES,
THE PANDA LLC, and
NATIONAL INDEMNITY COMPANY,

     Defendants.

## COMPLAINT FOR PERSONAL INJURY

COMES NOW the Plaintiff Martin Russell, by and through his attorneys of record, Keller & Keller, LLC, and for his Complaint for Damages for Personal Injury, states as follows:

1.    Plaintiff Martin Russell is a resident of Raton, Colfax County, New Mexico.

2.    Upon information and belief, Defendant Guadalupe Cervantes (hereinafter "Defendant Cervantes") is a resident of Enoch, Utah and the driver of the semi-truck involved in this collision.

3.    Upon information and belief, Defendant The Pandas LLC is a limited liability corporation doing business in Colorado, and is the owner of the semi-truck driven by Defendant Cervantes.

4.    Upon information and belief, National Indemnity Company is a foreign insurance company with headquarters in Nebraska, and is being named as a Defendant pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394, as the auto insurer of Defendant The Pandas LLC.

5.     This is a civil cause of action involving a semi-truck and a police vehicle collision which occurred in Colfax County, New Mexico.

6.     This Court is the proper venue for this matter to be heard, this Court has personal jurisdiction over all parties involved, and this Court has subject matter jurisdiction regarding the motor vehicle collision which forms the basis of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.     This collision occurred on November 21, 2019, at approximately 1:13 p.m.

8.     Martin was on duty for the Colfax County Sheriff's Department, responding to a motor vehicle accident that had occurred earlier along Interstate 25.

9.     Martin was in his patrol vehicle after assisting with the prior accident and was awaiting a tow truck.

10.     While waiting in his patrol vehicle, Martin was struck from behind by Guadalupe Cervantes' semi-truck.

11.     According to the reporting officer, the evidence present on scene made it evident that Guadalupe Cervantes was traveling too fast for the weather and road conditions.

12.     When Guadalupe Cervantes observed the emergency lights illuminating from Martin's patrol vehicle, he engaged his brakes.

13.     Due to his speed, his brakes went into "full lock up," causing him to skid and lose control of the semi-truck and causing him to crash into Martin's patrol vehicle.

14.     Guadalupe Cervantes was placed at fault for driver inattention and was issued several citations, including careless driving and failure to obey traffic control device.

15.     On the aforementioned date, Defendant Cervantes struck Plaintiff's vehicle with said semi-truck causing injuries to Plaintiff.

16.     Due to the actions of Defendant Cervantes, the Plaintiff sustained injuries and damages.

17.     At all relevant times, Defendant The Pandas LLC owned the semi-truck which was being driven by Defendant Cervantes involved in the subject collision.

18.     At all relevant times, Defendant Cervantes was in the course and scope of his employment with Defendant The Pandas LLC.

19.     Defendant The Pandas LLC's vehicle was improperly driven by its employee Defendant Cervantes, who drove left of center and made an improper lane change.

20.     Defendant The Pandas LLC is responsible for the actions and/or failures to act of its employee/agent and driver of the semi-truck owned by The Pandas LLC under the theory of agency and *respondeat superior*, and The Pandas LLC is responsible for the resulting injuries and damages to Plaintiffs.

## COUNT I – NEGLIGENCE

21.     Plaintiff incorporates by reference the foregoing allegations and make them part of this Count of the Complaint pursuant to Rule 1-10(C), NMRA.

22.     Defendant Cervantes had a duty to all people on the roadway to act reasonably and to use ordinary care to protect persons and property that were in his path of travel as he drove his semi-truck on Interstate 25.

23.     Defendant Cervantes had a duty to the other drivers on the roadway to keep a proper lookout.

24.     Defendant Cervantes breached these duties to Plaintiff.

25.     These acts and failures to act by Defendant Cervantes were negligent.

26.     Defendant Cervantes failed to exercise ordinary care in the operation of his semi-truck and for the safety of Plaintiff and thus was negligent.

27.     As a direct and proximate result of the negligence of Defendant Cervantes, Plaintiff has suffered damages as enumerated below.

28.     At all relevant times, The Pandas LLC owned the semi-truck which was being driven by Defendant Cervantes involved in the subject collision.

29.     At all relevant times. Defendant Cervantes was in the course and scope of his employment with Defendant The Pandas LLC.

30.     Defendant The Pandas LLC's vehicle was improperly driven by its employee Defendant Cervantes, who was speeding, drove carelessly, and failed to give his full time and attention to the roadway.

31.     The Defendant The Pandas LLC is responsible for the actions and/or failures to act of its employee/agent and driver of the semi-truck owned by The Pandas LLC under the theory of agency and *respondeat superior*, and The Pandas LLC is responsible for the resulting injuries and damages to Plaintiff.

32.     Upon information and belief, National Indemnity Company, provided a business automobile insurance policy to Defendant Cervantes and/or Defendant The Pandas LLC, that provides coverage for the injuries and damages to Plaintiff, caused by Defendant Cervantes, and National Indemnity Company, is listed as a Defendant pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394.

### COUNT II-NEGLIGENCE AND NEGLIGENCE *PER SE*

33.     Plaintiff incorporates by reference the foregoing allegations and makes them part of this Count of the Complaint pursuant to Rule 1-10(C), NMRA.

34.     Defendant Cervantes had a duty to exercise ordinary care to the other drivers on the roadway while operating a semi-truck.

35.     Defendant Cervantes had a duty to the other drivers on the roadway to keep proper lookout and obey traffic laws.

36.     Defendant Cervantes breached these duties to Plaintiff.

37.     These acts and failures to act by Defendant Cervantes were negligent.

38.     At the time of the above referenced events, there were in force and effect certain statutes and ordinances that were violated by Defendant Cervantes, including but not limited to:

a.     NMSA 1978, § 66-7-3 Required obedience to traffic laws

b.     NMSA 1978, § 66-7-104 Obedience to any required traffic-control devices

c.     NMSA 1978, § 66-7-337 Drivers to exercise due care

d.     NMSA 1978, § 66-7-301 Speed regulation

e.     NMSA 1978, § 66-8-113 Reckless driving

f.     NMSA 1978, § 66-8-114 Careless driving;

The aforementioned statutes were enacted for the protection of the class of persons which includes Plaintiff.  Defendant Cervantes's violation of these statutes constitutes negligence *per se*.

39.     As a direct and proximate result of the negligence and negligence *per se* of Defendant Cervantes, the Plaintiff have suffered damages as enumerated below.

40.     In addition, Defendant Cervantes's actions were malicious, willful, reckless, wanton, oppressive, grossly negligent, entitling the Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

## DAMAGES

As a direct and proximate result of the negligence of Defendants, the Plaintiff has suffered damages in the form of personal injury, pain and suffering, and permanent injury, loss of enjoyment of activities, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial.

**WHEREFORE**, Plaintiffs prays for judgment against Defendants for personal injury, compensatory damages, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

KELLER & KELLER, LLC

*/s/Michael G. Duran*
Michael G. Duran
Daniel T. Cornish
Samantha L. Drum
Attorneys for Plaintiffs
505 Marquette Ave., N.W., Suite 1300
Albuquerque, New Mexico  87102
Telephone (505) 938-2300
Facsimile (505) 938-2301
michaeld@2keller.com
dcornish@2keller.com
sdrum@2keller.com